IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OBADIAH NWABUOKU,<br>    Petitioner, | No. 3:05cv1736 |
| | (Judge Munley) |
| v. | |
| MICHAEL CHERTOFF, *Secretary of the Department of Homeland Security*; JAMES ZIGLAR, *Commissioner of the Department of Homeland Security*; REGIONAL DIRECTOR, *Bureau of Immigration and Customs Enforcement*; THOMAS DECKER, *Field Operations Director Bureau of Immigration and Customs Enforcement*; TOM HOGAN, *York County Prison Warden*,<br>    Respondents | |

## MEMORANDUM

Presently before the Court for disposition is Petitioner Obadiah Nwabuoku's petition for an emergency stay of removal. According to his petition, he is currently a prisoner in York County Prison pending his removal to Nigeria. On December 20, 2004, an Immigration Judge ("IJ") denied his petition for asylum and to withhold removal, and the Board of Immigration Appeals subsequently affirmed this decision. The IJ found that Nwabuoku failed to establish that he suffered any mistreatment based on the following statutory grounds: race, religion, nationality, membership in a particular social group, or political opinion.

In his instant petition, Nwabuoku argues that the respondents have not addressed whether he has a credible fear of torture upon return to Nigeria. He argues that the IJ

improperly required that he demonstrate that he will be tortured on account of statutorily protected grounds because the United Nations Convention Against Torture contains no such requirement.

Federal courts, being courts of limited jurisdiction, have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993). Moreover, federal courts have the obligation to address the question of subject matter jurisdiction *sua sponte*. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999). Nwabuoku's petition identifies 28 U.S.C. § 1651 as the source of jurisdiction. The law is clear that, notwithstanding 28 U.S.C. § 1651, the appropriate court of appeals, and not a district court, has exclusive jurisdiction over claims pursuant to the United Nations Convention against Torture and over petitions to review removal orders. 8 U.S.C. § 1252(a)(4),(5).

> The law provides:
> (4) Claims under the United Nations Convention
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section <u>shall be the sole and exclusive means for judicial review</u> of any cause or claim under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment, except as provided in subsection (e) of this section.
> (5) Exclusive means of review
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section <u>shall be the sole and exclusive means for judicial review</u> of an order of removal

>  entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(4),(5).[1]

Although we possess the power to dismiss a case for lack of jurisdiction *sua sponte*, "[t]he practice at least of this Circuit is to allow the parties the opportunity to be heard even when *sua sponte* raising the issue of subject matter jurisdiction." Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 755 (3d Cir. 1995). Therefore, we will grant the petition to stay pending resolution of this matter, and order Nwabuoku to show cause why this case should not be dismissed for lack of jurisdiction. An appropriate order is attached.

---

[1] The appropriate court of appeals is "the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(1).

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OBADIAH NWABUOKU, <br> Alien No. A70-310-741 <br>     Petitioner, <br><br> v. <br><br> MICHAEL CHERTOFF, *Secretary of the Department of Homeland Security*; JAMES ZIGLAR, *Commissioner of the Department of Homeland Security*; REGIONAL DIRECTOR, *Bureau of Immigration and Customs Enforcement*; THOMAS DECKER, *Field Operations Director Bureau of Immigration and Customs Enforcement*; TOM HOGAN, *York County Prison Warden*, <br>     Respondents | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | No. 3:05cv1736 <br><br> (Judge Munley) |

## ORDER

AND NOW, to wit, this 25th day of August, it is hereby **ORDERED** that:

1) the Petition for an Emergency Stay of Removal/ Deportation (Doc. 1) is hereby **GRANTED** pending resolution of this case; and

2) Within fifteen days of the date of this Order, Petitioner must file a brief not to exceed ten pages and any supporting evidence demonstrating why this case should not be dismissed for lack of jurisdiction. Should Petitioner fail to file this brief we will vacate the stay and dismiss the petition.

3) The Clerk of Court is directed to fax a copy of this order to: United States Attorney Civil Chief Dennis Pfannenschmidt and the Warden of the York County Prison.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court